UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMMERSION CORPORATION,<br><br>   Plaintiff(s).<br><br>v.<br><br>SONY COMPUTER<br>ENTERTAINMENT AMERICA,<br>INC., et al.,<br>   Defendant(s).<br>_____ / | No. C 02-0710 CW (WDB)<br><br>ORDER FOLLOWING SEPTEMBER 20, 2005, TELEPHONIC DISCOVERY CONFERENCE |

This morning, the morning of September 20, 2005, the Court acquiesced to defense counsel's request to conduct an impromptu telephonic discovery conference in the above-referenced case to discuss issues that have arisen during the taking of Rule 60(b) depositions. For reasons articulated more thoroughly on the record, the Court ORDERS as follows:

1. The Court is not inclined to enter an order prohibiting deponents and their counsel from discussing matters of substance during deposition breaks (unless an unanswered question is pending).

2. The Court hereby SUBSTITUTES Sony's in-house counsel Mr. James Leong for Ms. Anne-Marie Dinius under the protective order. Defense counsel must use his best efforts to provide plaintiff's counsel with a copy of Mr. Leong's resume by the close of business today, September 20, 2005.

1

3. Defense counsel is permitted to take Mr. Smollen's deposition this week. The deposition must be taken at a time and place convenient to Mr. Smollen.[1]

4. The information provided by counsel, some of it disputed with vigor, was not sufficient to enable the court to determine whether it would be appropriate to condition defense counsel's right to take Mr. Smollen's deposition on defendant reimbursing Mr. Smollen for travel expenses and/or lost work time. If counsel for plaintiff elects to pursue this matter, they must submit for the court's review a copy of the transcript of the deposition of Mr. Viega that was taken on September 19, 2005. If it appears to the court, after reviewing the transcript, that defense counsel wasted substantial time during that deposition, e.g., by asking forseeably unproductive questions or by repeated visits to the same subjects, the court will afford defense counsel an opportunity to defend the manner in which he used the time consumed by Mr. Viega's deposition. If, after considering defense counsel's submission, the court concludes that the way defense counsel used the time consumed by the Viega deposition was a substantial factor in causing Mr. Smollen's deposition to be postponed, the court will permit plaintiff's counsel and/or Mr. Smollen to submit a claim for reimbursement of reasonable expenses incurred.

5. The Court will NOT conduct any additional impromptu telephonic discovery conferences in connection with the remaining Rule 60(b) depositions. Counsel wishing to bring any such discovery disputes to the Court's attention must do so by way of a written motion that complies with the Civil Local Rules.

Dated: September 20, 2005            /s/ Wayne D. Brazil
                                     WAYNE D. BRAZIL
                                     United States Magistrate Judge

Copies to:

    All parties, WDB, Stats, CW

---

[1] The Court is not certain how to spell Mr. Viega and Mr. Smollens' names.

2