IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMMERSION CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>SONY COMPUTER ENTERTAINMENT AMERICA, INC., and SONY COMPUTER ENTERTAINMENT, INC.,<br><br>    Defendants.<br>_____/ | No. C 02-0710 CW<br><br>ORDER GRANTING PLAINTIFF'S AND DEFENDANTS' MOTIONS TO CORRECT/AMEND COSTS AWARD |

   Plaintiff Immersion Corporation has filed a motion to amend the Court's order awarding it $332,692.33 in costs. Defendants oppose the motion and file their own motion to amend the costs award. Plaintiff has not responded to Defendants' motion. The matter was decided on the papers. Having considered the parties' papers the Court grants both Plaintiff's and Defendants' motions.

I.   Plaintiff's Motion: Interpreter Fees

Plaintiff renews its request for $14,849 in fees for Jared Taylor, a check interpreter at trial.  The Court denied that award, explaining that "the Special Master relied on Immersion's acceptance of the Clerk's award in deciding not to include in his recommendation for taxation of costs the services of the check interpreter."  August 23, 2006 Order at 10.  Plaintiff now argues that it did not accept the Clerk's award, citing its statement that "the costs for Mr. Taylor should be awarded as well."  Opposition to Sony's Motion for Review of Taxation of Costs (Opposition) at 15.

In responding to Sony's objections to the Clerk's award before the Special Master, Immersion stated, "Had Sony not brought this motion, Immersion would have accepted the Clerk's decision regarding costs."  Id. at 1.  The Clerk had declined to award Immersion the $14,849 it now seeks, and Immersion cross-moved for inclusion of those fees "given Sony's challenge to the award."  Id. The Special Master noted that Immersion stated in its final brief in opposition to the Clerk's award that "the Clerk's award is appropriate."  Special Master's Recommendation at 17.  Plaintiff argues that its statement was out of context, citing the surrounding text in the Opposition: "The Clerk declined to allow the cost for Mr. Taylor but allowed the remaining translation costs.  The Clerk's award is appropriate; indeed, the costs for Mr. Taylor should be awarded as well."  Opposition at 15.

Based on this context, it is reasonable to conclude that Plaintiff was stating only that the translation costs the Clerk

2

awarded were reasonable, and that it believed that additional translation costs should also be awarded. Therefore, the Court considers whether the cost of the check interpreter should have been awarded.

Although 28 U.S.C. § 1920(6) provides generally for the taxation of "compensation of interpreters," there is no statutory provision considering check interpreters. Further, neither party cites any specific authority regarding the allowability of check interpreters. Immersion argues that the use of the check interpreters at trial was reasonably necessary because the witnesses were able to choose their own interpreters and the Japanese-speaking witnesses were all Sony's. Sony counters that Immersion elected to use the check translators as "a discretionary luxury" and that the Court may only tax interpreter costs that were "necessarily incurred." Opposition at 2. However, while § 1920 requires a demonstration that certain costs were "necessarily obtained," it does not make such a requirement for costs for interpreters. 28 U.S.C. §§ 1920(2), (4).

The Court finds that, in the context of this case, Immersion's costs for the use of a check interpreter are recoverable under § 1920(6). Therefore, the Court GRANTS Immersion's motion to amend costs and increases the costs awarded by $14,849 (Docket No. 1936).

II. Defendants' Motion

Defendants move the Court to reduce the amount of non-copying exemplification costs from $194,851 to $172,351, the amount recommended by the Special Master. Because the Court adopted the Special Master's recommendations for each of the categories of non-

3

1  copying exemplification costs, the Court reduces its award for
2  these costs by $22,500 to $172,351, the amount recommended by the
3  Special Master.  Defendants' motion is GRANTED (Docket No. 1935).

   IT IS SO ORDERED.

Dated:   10/6/06

_____
CLAUDIA WILKEN
United States District Judge